UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-70-KAC-JEM |
| | ) | |
| KEIRSTEN ARMANDA GRACE HOOPER | ) | |
| and DARRISON RANDALL HOOD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Darrison Hood's Unopposed Motion to Continue [Doc. 31], filed on January 20, 2026.

Defendant Hood asks the Court to continue the January 20, 2026 plea deadline and the February 17, 2026 trial date [*Id.* ¶ 1]. As grounds, Defendant states the parties need time to engage in complicated plea negotiations [*Id.* ¶¶ 2–3]. Defendants Hood and Hooper are charged simultaneously in federal and state courts, and "[b]oth prosecutions involve the same defendants, the same evidence, the same witnesses, and the same law enforcement investigators" [*Id.* ¶ 2]. Thus, according to Defendant, "a resolution in one jurisdiction will result in the resolution in the other" [*Id.*]. Defendants' federal counsel are working with their state defense counsel and the state prosecutors on an agreed resolution to the state charges, which should lead to a resolution of charges in this case [*Id.* ¶¶ 3–4].

Defendant Hood understands the time between the filing of the motion and the new trial date will be excludable under the Speedy Trial Act [*Id.* ¶ 5]. According to Defendant Hood, the Government and counsel for Defendant Hooper do not oppose the requested continuance

[*Id*. ¶¶ 6–7]. Counsel for Defendant Hooper confirmed by email to Chambers that he discussed the continuance with Defendant Hooper, who agrees with its purpose and understands her speedy trial rights.

Based upon the information in Defendant Hood's motion, and because neither the Government nor Codefendant Hooper opposes a continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for both Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel need more time to engage in plea negotiations in this case and to confer with counsel in Defendants' state case, who are pursuing a coordinated agreed resolution to those charges. Counsel will also need time to confer with their clients on any plea offers. If plea negotiations ultimately prove unfruitful, counsel will need time to prepare for trial. The Court finds that all of this cannot occur before the February 17, 2026 trial date.

The Court therefore **GRANTS** Defendant Darrison Hood's Unopposed Motion to Continue [**Doc. 31**]. The trial of this case is reset to **April 21, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all the time between the filing of Defendant Hooper's motion on January 20, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Darrison Hood's Unopposed Motion to Continue [**Doc. 31**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 21, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 20, 2026**, and the new trial date of **April 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 20, 2026**;

(5) the deadline for filing motions *in limine* is **April 6, 2026**, and responses to motions *in limine* are due on or before **April 14, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 7, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 10, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge